UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VEILA VEYONNE ADAMS, ANTHONY L. CERRETA, SALVATORE SAM DIBENEDETTO, HOWARD DUBMAN, PETER FONDACO, GLORIA ANNETTE PEARSON JENKINS, BARBARA ANNE JOHNSON, JOSEPH A. LATTINI, CRESSIE M. MAYES, Individually and as Representative of HENRY FOSTER MAYES and ARTHUR J. SMITH : : : : : : : : : : | CIVIL NO. 3:03CV649 (JBA) |
| Plaintiffs, V. : : : | |
| TETLEY USA, INC. : : | |
| Defendant. : | OCTOBER 31, 2003 |

## ANSWER AND AFFIRMATIVE DEFENSES

As and for its answer and affirmative defenses to plaintiffs' complaint, defendant Tetley USA, Inc. ("Tetley") states as follows:

### NATURE OF THE ACTION

1.  Admitted that "[t]his is an action seeking injunctive and monetary relief." The remaining allegations contained in paragraph 1 are denied.

### JURISDICTION AND VENUE

2.  Admitted.

3.  Admitted that venue is proper in the District of Connecticut.

## THE PARTIES

4. Admitted that plaintiffs were formally employed by Tetley and/or one or more of its predecessor organizations.

5. Admitted except insofar as Defendant did not act at all times as the sole administrator of the Plan.

6. Admitted that plaintiff Adams was an employee of Defendant and retired from employment. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 and leaves plaintiff to her proof.

7. Admitted that plaintiff Cerreta was an employee of Defendant and retired from employment. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 and leaves plaintiff to his proof.

8. Admitted that plaintiff Dibenedetto was an employee of Defendant and retired from employment. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 and leaves plaintiff to his proof.

9. Admitted that plaintiff Dubman was an employee of Defendant and retired from employment. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 and leaves plaintiff to his proof.

10. Admitted that plaintiff Fondaco was an employee of Defendant and retired from employment. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 and leaves plaintiff to his proof.

11. Admitted that plaintiff Pearson Jenkins was an employee of Defendant and retired from employment. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 and leaves plaintiff to her proof.

12. Admitted that plaintiff Johnson was an employee of Defendant and retired from employment. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 and leaves plaintiff to her proof.

13. Admitted that plaintiff Lattini was an employee of Defendant and retired from employment. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 and leaves plaintiff to his proof.

14. Admitted that Henry Foster Mayes was an employee of Defendant and retired from employment. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 and leaves plaintiff to her proof.

15. Admitted that plaintiff Smith is a former employee of Defendant and retired from employment. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 and leaves plaintiff to his proof.

16. Admitted.

## CLAIM FOR CONTRACTUAL RIGHTS
## UNDER A BENEFIT PLAN BY EARLY RETIREES
## PURSUANT TO ERISA

17. Admitted.

18. Denied.

19. Denied.

20. Denied.

21. Defendant admits that plaintiffs Dubman, Fondaco and Lattini retired from employment. Defendant denies that the remaining allegations of paragraph 21 are an accurate and complete statement of the terms and conditions of their retirement, which are reflected in plan documents that speak for themselves.

22. Defendant admits that it sent plaintiffs a letter dated March 1, 2002 regarding the termination of their retirement health insurance benefits. Defendant denies the remaining allegations of paragraph 22. Defendant further denies that such allegations are an accurate and complete statement of the contents of that letter, which speaks for itself.

23. Defendant has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 23 and therefore leaves plaintiffs to their proof.

24. Defendant denies that the plaintiffs have "a contractual right under a benefit and asset plan." The remaining allegations of Paragraph 24 state legal conclusions, as to which no response is required.

25. Denied.

26. Defendant denies that the allegations of paragraph 26 are an accurate and complete statement of the contents of all communications between the defendant and plaintiffs subsequent to March 2002.

27. Denied.

28. Denied.

29. Denied.

## CLAIM FOR CONTRACTUAL RIGHTS
## UNDER A BENEFIT PLAN BY DOWNSIZED EMPLOYEES

30. Defendant admits that plaintiffs Pearson Jenkins, Johnson, and Smith retired from employment with the defendant. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 and leaves plaintiffs to their proof.

31. Defendant admits that plaintiffs Pearson Jenkins, Johnson, and Smith retired from employment. Defendant denies that the remaining allegations of paragraph 31 are an accurate and complete statement of the terms and conditions of their retirement, which are reflected in plan documents that speak for themselves.

32. Denied.

33. Defendant admits that it sent plaintiffs a letter dated March 1, 2002 regarding the termination of their retirement health insurance benefits. Defendant denies that the remaining allegations of paragraph 33. Defendant further denies that such allegations are an accurate and complete statement of the contents of that letter, which speaks for itself.

34. Defendant has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 34 and therefore leaves plaintiffs to their proof.

35. Defendant denies that the plaintiffs have "a contractual right under a benefit and asset plan." The remaining allegations of Paragraph 35 state legal conclusions, as to which no reply is required.

36. Denied.

37. Defendant denies that the allegations of paragraph 37 are an accurate and complete statement of the contents of all communications between the defendant and plaintiffs concerning the termination of their retiree health insurance benefits.

### CLAIM FOR CONTRACTUAL RIGHTS
### UNDER A BENEFIT PLAN BY ALL PLAINTIFFS

38. Admitted.

39. Denied.

40. Admitted.

41. Defendant admits that it sent plaintiffs a letter dated March 1, 2002 regarding the termination of their retirement health insurance benefits. Defendant denies that the

remaining allegations of paragraph 41. Defendant further denies that such allegations are an accurate and complete statement of the contents of that letter, which speaks for itself.

42.   Defendant has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 42 and therefore leaves plaintiffs to their proof.

43.   Defendant denies that the plaintiffs have "a contractual right under a benefit and asset plan." The remaining allegations of Paragraph 43 state legal conclusions, as to which no reply is required.

44.   Denied.

45.   Denied.

## FIRST CLAIM FOR RELIEF

### Declaratory and Injunctive Relief

46.   Defendant denies the allegations of paragraph 46 insofar as they imply that defendant promised plaintiffs lifetime retiree health insurance benefits.

47.   Denied.

48.   Denied.

## SECOND CLAIM FOR RELIEF

### Monetary Damages

49.   Denied.

50.   Denied.

51. Denied to the extent Paragraph 51 alleges that Defendant engaged in any improper or illegal conduct. As to the remaining allegations of Paragraph 51, Defendant has insufficient knowledge or information to form a belief as to the truth or falsity of those allegations and therefore leaves plaintiffs to their proof.

52. Denied to the extent Paragraph 52 alleges that Defendant engaged in any improper or illegal conduct. As to the remaining allegations of Paragraph 52, Defendant has insufficient knowledge or information to form a belief as to the truth or falsity of those allegations and therefore leaves plaintiffs to their proof.

53. Denied to the extent Paragraph 53 alleges that Defendant engaged in any improper or illegal conduct. As to the remaining allegations of Paragraph 53, Defendant has insufficient knowledge or information to form a belief as to the truth or falsity of those allegations and therefore leaves plaintiffs to their proof.

## THIRD CLAIM FOR RELIEF

54. Denied.

55. The allegations of Paragraph 55 state legal conclusions, as to which no reply is required.

56. Denied.

57. Denied.

## FIRST AFFIRMATIVE DEFENSE

1. Plaintiffs have failed to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

1. To the extent that plaintiffs' complaint seeks damages for alleged emotional distress or metal suffering, ERISA provides no right of recovery for such claims.

## THIRD AFFIRMATIVE DEFENSE

1. Plaintiffs are not entitled to recover attorneys' fees or costs because Defendant has acted reasonably and in good faith at all relevant times.

TETLEY USA, INC.

By _____
Theodore J. Tucci (ct05249)
ttucci@rc.com
Michael J. Kolosky (ct22686)
mkolosky@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed via first-class mail, postage prepaid, to the following on this 31st day of October, 2003.

Steven A. Levy, Esq.
Friedman, Newman, Levy,
  Sheehan & Carolan, P.C.
One Eliot Place
Fairfield, CT 06824

Alvin Green, Esq.
Seham Seham Meltz & Peterson
145 E. 48th Street, Suite 5F
New York, NY 10017

_____
Michael J. Kolosky