IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| VEILA VEYONNE ADAMS, ) | |
| ANTHONY L. CERRETA, ) | |
| SALVATORE SAM DIBENEDETTO, ) | |
| HOWARD DUBMAN, ) | |
| PETER FONDACO, ) | |
| GLORIA ANNETTE PEARSON JENKINS, ) | |
| BARBARA ANNE JOHNSON, ) | |
| JOSEPH A. LATTINI, ) | |
| CRESSIE M. MAYES, Individually and as ) | |
| Representative of HENRY FOSTER MAYES,) | |
| and ARTHUR J. SMITH ) | |
| ) | |
| PLAINTIFFS, ) | CIVIL ACTION NO. |
| ) | 303 CV 649 (JBA) |
| v. ) | |
| ) | |
| TETLEY USA, INC. ) | |
| ) | |
| DEFENDANT. ) | MAY 12, 2004 |

**PLAINTIFFS' LOCAL RULE 56(a)(2) STATEMENT**

Pursuant to D. Conn. L. Civ. R. 56(a)(2), Plaintiffs, ADAMS, ET. AL., hereby respond to Defendant's 56(a)(1) Statement as follows:

## ANSWER TO DEFENDANT'S 56(A)(1) STATEMENT

1.-10.   Plaintiffs admit the facts alleged in Paragraphs 1 through 10.

11.   Plaintiffs admit that the cited portion is the first half of the applicable clause.

12.-16. Plaintiffs admit Paragraphs 12 through 16.

17.   Plaintiffs admit Paragraph 17 subject to the limitation that, as per the allegations of Paragraph 18, Tetley first issued an SPD to employees on or about 1975.

18.-89. Plaintiffs admit the allegations of Paragraph 18 through 89, except for the "conclusions of law" asserted by Defendant through the use of the words "superceded" and "subject to" in Paragraphs 27, 31, 37, 53, 54 and 59.  Plaintiffs contend that there is an issue of law as to what extent the subsequent SPDs affected the rights of the employees under the 1975 through 1985 plan documents and therefore cannot admit that later SPDs superceded prior provisions.

## PLAINTIFFS' STATEMENT OF ADDITIONAL FACTS[1]

1. Tetley's first effective reservations of rights, in which it clearly and explicitly reserved the right to change employee health benefits, was not effective until 1985. (App. 5 T00613).

2. All Plaintiffs were hired prior to 1985. (App. 15-24).

3. Plaintiff Adams commenced work with Tetley in May, 1992, and continued working for over 41 years until July 1, 1991. Tetley offered Adams early retirement. Prior to accepting early retirement, Adams addressed inquiries to William Vazquez, Tetley's Benefits Administrator. (App. 15 T00908). She was only advised that she would have retiree health coverage subject to her making her premium contribution. (App. 15 T00910).

4. Adams' exit documents made no reference to Tetley's reservation of rights to terminate her retiree medical coverage. (App. 15 T00910 through T00913).

---

[1] Plaintiffs have previously provided affidavits and documents to the Defendant which are included in Defendant's Appendix. All references to documents (with the exception of two additional documents to be attached as Plaintiffs' Appendix Exhibits 33 and 34) will be referenced to Defendant's Appendix.

5. Plaintiff Anthony Cerreta commenced work with Tetley USA in August, 1950, and continued to work for Tetley for 42 years until he retired at age 66. (App. 16 T00931).

6. When he retired, he made inquiry of Margaret Smith, Tetley's Benefits Manager, as to his retiree health insurance benefits. In response thereto, he received a note that indicated that his contributions would remain the same for life (10% of Tetley Premium). (App. 16 T00931).

7. Howard Dubman commenced work with Tetley in April, 1981, and continued working for 18 years until July, 1999. (App. 17 T00758). In 1998, Dubman was asked to relocate from Stamford, Connecticut to Palisades Park, New Jersey. (Id. Paragraph 6). He was told by John Pettrizzo, CFO and Vice President of Finance, and Dick Rogers, Vice President of Human Resources, that if he accepted that position, he would be eligible for retirement at age 55 and would receive lifetime medical benefits. (Id. at Paragraph 6). By letter dated July 12, 1999, Richard Rogers, Vice President of Human Resources, outlined the terms of Dubman's retirement and requested that Dubman sign that letter acknowledging his agreement and acceptance of the terms. (App. 17

      T00760). Said letter, and the attached benefit outline, did not include any reservation of rights with respect to terminating retiree health insurance benefits. (Ibid.)

8. After receiving the letter of July 16, 1999, and having already decided to retire from Tetley, Dubman received a letter from Tetley's Benefits Manager, Margaret Smith, which stated "please be advised that Tetley reserves right to change, amend or terminate the Tetley USA, Inc. retiree medical plan at any time." (App. 17 T00765). The foregoing language was not included in the signed agreement with Rogers.

9. Dubman signed only an employee health election form in response to Ms. Smith's letter. (App. 17 T00768).

10. Dubman was particularly concerned about the availability of retiree health insurance since his wife suffered from depression. The only qualification that he received with respect to the availability of that coverage, was the requirement that he pay 50% of the coverage cost. (App. 17 T00758-759 Par. 6).

11. Salvatore Sam DiBenedetto was employed by Tetley from September, 1960, until February, 1995. (App. 18 T00980).

12. In 1994, Tetley offered a voluntary separation plan, early retirement, to DiBenedetto. (Id. at Paragraph 3). DiBenedetto relied upon the fact that his Tetley medical insurance would continue throughout his retirement. (Id. at Paragraphs 3, 4 and 5). DiBenedetto accepted early retirement in reliance upon that understanding. (Id. at Paragraph 3).

13. Peter Fondaco was employed by Tetley from 1963 through 1995. Peter Fondaco started working at Tetley in 1963 and continued working until his retirement at age 61 in February, 1995. (App. 19 T00778 Par. 2).

14. Fondaco accepted an early retirement. (Id. at Paragraph 4)

15. It was Fondaco's understanding that Tetley would provide retiree health insurance benefits so long as he paid the employee contribution. Upon retirement, he received a letter from Margaret C. Smith, Tetley's Benefits Manager, which made no reference to Tetley having any right to later terminate retiree health insurance benefits. (Id. at Paragraph 6; App. 19 T00780 through T00788).

16. Gloria Jenkins began working for Tetley in 1952, and continued working for 41 years until 1993. (App. 20 T00839). At the time of her retirement, she received two documents from Tetley which indicated that she would

be eligible for employee retiree health coverage. Neither document made reference to Tetley's claimed right to eliminate that coverage. (App. 20 T00839 Par. 4 and 5). Jenkins believed that as a retired employee, she was entitled to continue her family medical coverage through United Healthcare, free of charge. (Id. at Paragraph 5).

17. Barbara Johnson was an employee of Tetley from 1950 to 1991. (App. 21 T00855). In connection with her retirement, she received an exit letter from Tetley which provided that she would be entitled to retiree health coverage as long as she made the monthly contribution. There was no reference to any claim by Tetley with respect to its right to eliminate the retiree health insurance benefits. (App. 21 T00856).

18. On October 11, 1989, Johnson wrote directly to Ms. Smith inquiring as to what benefits she would be entitled to. (App. 21 T00860). Will Vazquez responded without reference to a reservation of rights. (Id. at T00861). Again, no reference was made to a reservation of rights.

19. Joseph Lattini was employed at Tetley from 1978 to 1991. In 1990, he accepted Tetley's offer of an early retirement. (App. 22 T00810).

20. On two occasions, he directed letters to Will Vazquez of Tetley regarding his coverage. (Id. at Paragraph 5). At no point in those letters did Tetley advise him of their intention to reserve the right to terminate employee medical benefits. (App. 22 T00813 through T00817).

21. Cressie Mayes is the widow of Henry Foster Mayes. Mayes worked for Tetley from 1962 through 1993, and died on December 7, 2002. (App. 23 T01015). In connection with Mayes' retirement of February 1, 1993, he received a letter from Margaret Smith, Tetley's Benefits Manager, which outlined his retiree medical coverage, subject only to his paying monthly premium. (Id. at T01015 through T01017).

22. Arthur Smith commenced his employment with Tetley in 1982 and continued to work until January 1, 1992. (App. 25). At that time, Smith's daughter, Kelly, had a serious medical condition. It was always his understanding that he would be covered with medical insurance after he retired. (Id. at Paragraph 3 and Paragraph 6). Upon his retirement, he received exit documents from Margaret C. Smith, Benefits Manager, which made no reference to any claim by Tetley to reserve its right to eliminate retiree health insurance. (App. 23 T00889 through T00891).

23. Commencing in 2000, Tetley, for the first time in its exit documents, inserted the following language:

"Please be advised that Tetley reserves the right to change, amend or terminate the Tetley USA, Inc. Retiree Medical Plan at any time. (Plaintiff's Appendix Exhibits 33 and 34)

## DISPUTED ISSUES OF MATERIAL FACT

The Plaintiffs contend that the following issues of material fact present genuine issues to be tried:

1. The intent of the parties to their contract and the interpretation of that contract, as it relates to the continuation of retiree health insurance benefits.

2. The effect of the 1985 reservation of rights on the preexisting rights of the Plaintiffs who were all employed prior thereto.

3. Whether the early retirees entered into a separate contract with Tetley which provided for permanent retiree medical benefits.

4. Whether Tetley breached its fiduciary duties by not disclosing, in its exit documents, to the Plaintiffs, that it claimed a right to modify and/or terminate future retiree medical benefits.

5. Whether or not Tetley breached its fiduciary duties to the Plaintiffs through other misrepresentations and material omissions of fact.

6. Whether or not, under principals of promissory estoppel, Tetley is barred from terminating Plaintiffs' retiree medical benefits.

        THE PLAINTIFFS

BY:_____
    Steven A. Levy
    Friedman, Newman, Levy, Sheehan
      & Carolan, P.C.
    One Eliot Place
    Fairfield, CT  06824
    Tel: (203) 259-5300
    Fax: (203) 259-2996
    Federal Bar #:  ct00130


BY:_____
    Alvin Green
    145 E. 48th Street, Suite 5F
    New York, New York 10017
    Tel: 212-644-3707
    Fax: 212-644-3709
    Federal Bar #: ct24907
    Pro Hac Vice

## CERTIFICATION

      This is to certify that a copy of the foregoing was mailed this _____ day of May, 2004, to all counsel and pro se parties of record, to wit: **Theodore J. Tucci, Esq. and Michael J. Kolosky, Esq.,** Robinson & Cole, LLP, 280 Trumbull Street, Hartford, CT 06103-3597; and **Alvin Green, Esq.,** The Law Offices of Alvin Green, 145 E. 48th Street, Suite 5F, New York, NY 10017.

                                                                                                  _____
                                                                                                  Steven A. Levy